DISSENTING OPINION BY
JUDGE McCullough
As recognized by the Environmental Hearing Board (Board), this matter involves a unique and unprecedented process of slant drilling by John D. Branch (Applicant), posing unknown dangers, particular *1138 ly in the area near an active refinery. The Board’s decision reflects these concerns where it states: “[T]his case is unique as Mr, Lobins [the expert testifying for the Department of Environmental Protection (Department) ], himself, indicated. It is out of the ordinary for the Department to receive an application for an oil and gas permit that allows drilling by a third party underneath an oil and gas refining company in full operation and in close proximity to a 3.6 million gallon gasoline storage tank.” (Board op. at 10.)
Despite dismissing the appeal of United Refining Company (United Refining), the Board further expressed concern for the process in which the Department engaged, calling for.a “more transparent” process and improved communication among the parties, which the Board suggested as “a more robust permitting application process.” (Board op. at 11.) The Majority aptly cites section 3211(e.1) of the Oil and Gas Act, 58 Pa.C.S. § 3211(e.1), dealing with the sole grounds on which the Department may deny a well permit. Subsection (3) states as a specific ground for denial: “Unresolved objections to the well location by the coal mine owner or operator.” 58 Pa.C.S. § 3211(e.1)(3) (emphasis added).
Notwithstanding the above, the Board identified two significant questions or objections left unresolved by the Department when it granted the application for the permit: (1) “[H]ow would the fracking of the well impact the surface?” and, (2) “How would the fracks propagate into the unplugged wells at the depths and distances where the fracking would take place?” (Board op. at 10.) Clearly, under the Board’s own analysis, there are “unresolved objections” which need to be answered by the Board.
This Court’s review under the Oil and Gas Act is to ascertain whether the permitted use was shown to have been “necessary for the safe operation of a particular mine....” Foundation Coal Resources Corporation v. Department of Environmental Protection, 993 A.2d 1277, 1290 (Pa. Cmwlth. 2010) (dealing with the prior version of this statute and applying the standards for denial in a case in which this Court affirmed the issuance of oil and gas drilling permits).
Here, the unprecedented and unique method of fracking was to occur underneath an active refinery. United Refining raised concerns about safe drilling and operating practices and the Board expressed concerns and questions about the issuance of the permits. Applicant proposed five safeguards to address United Refining’s expressed concerns about Applicant’s operations: (1) there would be no fracking in the Warren 1st or Warren 2nd formations; (2) conductivity and video logs would be used when new wells were drilled and hydraulic fracturing in the vicinity of zones indicated by the logs as having excessive water would be avoided; (3) the pressure gauges would be closely monitored while fracking, and if the gauges indicated connection with another well, operations would cease immediately; (4) fracking would be conducted with smaller amounts of sand and water to control the length of the fractures; and, (5) the proposed termination point of Well 61 was altered to avoid the vicinity of the oil plume below Tank 234.
Nonetheless, when the Department issued the permits, it imposed only the first of these special conditions proposed by Applicant. In light of the unresolved objections and the unprecedented use of this fracking method in a potentially dangerous zone, it is incumbent upon the Board to address the remaining four proposals as special conditions to the permits.
*1139 Accordingly, I would vacate and remand to the Board to resolve the unresolved objections and questions identified by the Board in its dismissal of the appeal, and to impose any special conditions necessary to alleviate the same upon remand.